UNITED STATES of America, Plaintiff–Appellee,

v.

Dionicio CUEVAS–MENDOZA, Defendant–Appellant.

No. 04–40235.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Dionicio Cuevas–Mendoza pleaded guilty to having been present in the United States following deportation in violation of 8 U.S.C. § 1326(a) & (b). He argues that 8 U.S.C. § 1326(b) is unconstitutional in view of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he states that he is raising the issue to preserve it for possible Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *see also United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation and citation omitted).

Cuevas–Mendoza also argues that the district court plainly erred in imposing his sentence pursuant to the then mandatory United States Sentencing Guidelines, which were subsequently held unconstitutional under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005)(No. 04–9517).

Cuevas–Mendoza cannot show that he was prejudiced by the error; nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it had known that the guidelines were not mandatory. *See United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005). The error was not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

structural, and prejudice is not otherwise presumed. *See United States v. Malveaux*, 411 F.3d 558, 560 n. 9 (5th Cir. 2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). Therefore, Cuevas–Mendoza has not shown reversible plain error. *See Mares*, 402 F.3d at 520–21.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.